IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAMELA QUEDEWEIT,                           :

                      Case No. 3:07-cv-210

        Plaintiff,

                      District Judge Walter Herbert Rice
                      Chief Magistrate Judge Michael R. Merz

  -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.          :

### REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Commissioner's Motion for Entry of Judgment with Remand Under Sentence Four, 42 U.S.C. § 405(g). (Doc. 13).

Plaintiff filed this action pursuant to Social Security Act, 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits ("SSD") and supplemental security income benefits ("SSI"). (Doc. 2). After the Commissioner filed his Answer and a certified copy of the administrative record, Plaintiff filed her Statement of Errors. (Doc. 6, 9). The Commissioner's present Motion followed.

The Commissioner had moved the Court for an entry of judgment reversing his decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act. The Commissioner acknowledges that his finding that Plaintiff was able to perform her past relevant work as a service cashier in an automobile dealership as she actually performed it is not supported by substantial evidence on the record as a whole. Specifically, the Commissioner recognizes that his finding at step four of the sequential evaluation process is inconsistent with his finding that

Plaintiff is restricted to working in a clean-air environment.  The Commissioner seeks a remand for the purpose of proceeding to the fifth step in the sequential evaluation process which would include obtaining vocational expert (VE) testimony.

In her Statement of Errors, Plaintiff alleges first that the Commissioner erred by finding that she is capable of performing her past relevant work as a service cashier in an automobile dealership as she actually performed it in light of the Commissioner's finding that she is limited to a clean-air environment.  Plaintiff also alleges that the Commissioner erred by failing to find that she has a severe mental impairment.  Plaintiff's position is that the Commissioner's decision should be reversed and that the Court should order the payment of benefits.  Plaintiff specifically argues that she is capable of, at best, sedentary work and that "the necessary analysis is provided by the Medical-Vocational Guidelines 'Grids'".  (Doc. 9 at 12).  Plaintiff's position is that pursuant to 201.14 of the Grid, she is disabled.  (Doc. 9 at 12).   Plaintiff argues, in the alternative, that at a minimum, the matter should be remanded so that the Commissioner can adequately assess her residual functional capacity and the requirement of her past relevant work.

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order benefits granted.  The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."  42 U.S.C. §405(g).  If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.  *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted);  *see also, Newkirk v.*

*Shalala,* 25 F.3d 316 (6th Cir. 1994).

The fourth sentence of 42 U.S.C. Sec. 405(g) directs the entry of a final appealable judgment even though that judgment may be accompanied by a remand order. *Sullivan v. Finkelstein,* 496 U.S. 617 (1990). The fourth sentence does not require the district court to choose between entering final judgment and remanding; to the contrary, it specifically provides that a district court may enter judgment "with or without remanding the cause for rehearing." *Id.*

The Commissioner concedes that his decision is not supported by substantial evidence and should be reversed. The question, then, is whether the Court should remand for the payment of benefits or for additional administrative proceedings.

In denying Plaintiff's application for benefits, the Commissioner determined that Plaintiff is capable of performing the exertional requirements of sedentary work and that her restrictions relate to environmental factors including being restricted to working in a clean-air, temperature-controlled environment with no exposure to temperature extremes, environmental pollutants, or high humidity. (Tr. 39, finding 6).

In order to determine whether the Grid directs a findings of "disabled", the issue of transferrable skills must be resolved. Specifically, Plaintiff amended her onset date to her 50th birthday and is in the "closely approaching advanced age" category for Social Security purposes. Additionally, she had a high school education and has a vocational history which includes semi-skilled jobs, (Tr. 449; 532-39; 564-68). As Plaintiff acknowledges in her Statement, if she does not have transferrable skills, section 201.14 of the Grid directs a finding of "disabled". 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.14. However, if Plaintiff does have transferrable skills, section 201.15 of the Grid directs a finding of "not disabled". *Id.,* § 201.15.

3

A careful review of the vocational experts' testimony from the two administrative proceedings reveals that there is no evidence whatsoever on the issue of transferrable skills. (Tr. 532-39; 564-67). On judicial review of the Commissioner's decision, the Court is, of course, prohibited from engaging in fact-finding. See *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). Resolving the issue of transferrable skills requires just that.

This Court concludes that not all of the factual issues have been resolved. Therefore, this matter should be remanded to the Commissioner for any additional administrative proceedings necessary to make a determination of whether Plaintiff is disabled.

It is therefore recommended that the Commissioner's Motion for Entry of Judgment with Remand Under Sentence Four, 42 U.S.C. § 405(g) be granted.

March 14, 2008.

*s/ Michael R. Merz*
Chief United States Magistrate Judge

NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), ©), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).